UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM MORALES, by his next friend
Tom Barker,

vs.                                    Case No.  2:09-cv-198-FtM-29DNF

GEORGE SHELDON, Secretary, DCF,
DEPARTMENT OF CORRECTIONS, LIBERTY
BEHAVIORAL HEALTH CARE CORPORATION,
GEO GROUP, INC., TRINITY FOOD
SERVICE, SUPREME CARE CORP, Optima
Solutions Division, RICK HARRY,
Executive Director, Liberty, LEON
VICKERS, A.R.N.P., FHA Liberty, JAN
MCLAREN, Utilization Manager, DR.
DAMEFF, Liberty, GEORGE GINTOLI,
GEO-V.P., TIMOTHY BUDZ, Executive
director, GEO, DR. AMANOLIDIS,
Clinical housing & disciplinary
committees, GEO, FRANK LENA, Food
services Director, GEO, MS. WARD,
Food Service Assistant Manager,
Liberty GEO, BARBARA PEDERSON, FHA,
GEO, JO BENSON-VORWALD, Utilization
Manager, JACQUES LAMOUR, Dr. GEO,
NURSE THOMAS, GEO, NURSE FORMAN,
GEO, DOTTIE RIDDLE, Facility
Grievance Specialist,

                        Defendants.
_____

## ORDER OF DISMISSAL

        This matter comes before the Court upon initial review of the

file.  Plaintiff, who is a civil detainee at the Florida Civil

Commitment Center (hereinafter "FCCC") initiated this action by

filing a Civil Rights Complaint (Doc. #1, Complaint) pursuant to 42

U.S.C. § 1983 through his "next friend," Tom Barker.  Complaint at

1.  The Complaint alleges violations of Plaintiff's constitutional

rights stemming from the Defendants alleged deliberate indifference to Plaintiff's heart condition. See generally Complaint. Plaintiff did not accompany the filing of his Complaint the requisite filing fee or a motion to proceed *in forma pauperis*. See docket.

Federal Rule of Civil Procedure 17 requires that an action be prosecuted in the name of the real party in interest, but there are certain exceptions, such as, executors, administrators, or a guardian prosecuting an action. Fed. R. Civ. P. 17. A "next friend," or guardian ad litem, may represent a minor or incompetent person who does not have an appointed representative. Id. at 17(c). The issue in the case *sub judice* involves whether the Court has jurisdiction to hear the case filed by Plaintiff's "next friend," Tom Barker, when no showing has been made that Barker is entitled to "next friend" status. The following prerequisites are required for a "next friend" standing:

> First, a "next friend" must provide an adequate explanation- such as inaccessibility, mental incompetence, or other disability- why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

Whitmore v. Arkansas, 495 U.S. 149, 163 (1990)(citations omitted). The person seeking "next friend" status holds the burden of establishing "the propriety of his status and thereby justifying

the jurisdiction of the court." Id. at 164. Absent "next friend" status, an individual lacks Article III standing to file an action on another's behalf, thus stripping the district court of jurisdiction to considering the case. Id. at 155-56 (stating "[i]t is well established . . . that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue.").

There are no allegations that Plaintiff is mentally incompetent and cannot proceed in this action without a "next friend." In fact, Plaintiff has initiated another *pro se* action in this Court. See 2:09-cv-204-99SPC. Moreover, the person seeking "next friend" status, Tom Barker, is another civil detainee held at the FCCC.[1] There are no allegations that Barker has the best interests of Morales in mind, or that Barker has a "significant relationship" with Morales. Because Barker fails to meet the required elements and lacks standing under Article III to pursue this litigation, the Court must dismiss this action for lack of jurisdiction. See Weber v. Garza, 570 F.2d 511 (5th Cir. 1978)(affirming dismissal of a habeas petition for lack of jurisdiction when person filing action for another did not qualify as a "next friend," and, as such, participated "in the unauthorized

---

[1]Both Plaintiff Morales and Barker are involuntarily civilly confined at the FCCC pursuant to the Involuntary Civil Commitment of Sexually Violent Predators Act, § 394.910-394.931, Fla. Stat., known as the Jimmy Ryce Act.

practice of law by preparing legal papers, filing petitions and briefs, and generally acting as an attorney in violation of state and federal provisions governing the unauthorized practice of law.").[2]  If Plaintiff wishes to pursue his claim of deliberate indifferent to a serious medical condition, he may initiate a new action by filing a *pro se* Civil Rights Complaint Form for FCCC residents.  If Plaintiff files a Complaint, he must either submit the requisite $350.00 filing fee, or file a motion to proceed *in forma pauperis* at the time of filing.[3]

ACCORDINGLY, it is hereby

**ORDERED:**

1.  Plaintiff's Complaint (Doc. #1) is **DISMISSED** without prejudice.

---

[2] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] Pursuant to Rule 1.03(e), of the United States District Court for the Middle District of Florida Local Rules, the Clerk of Court accepts **prisoner** filings with or without the required filing fee or application to proceed *in forma pauperis*. <u>Id.</u> (emphasis added). "However, a **prisoner** case will be subject to dismissal by the Court, sua sponte, if the filing fee is not paid or if the application is not filed within 30 days of the commencement of the action." <u>Id.</u> (emphasis added).  The Court recognizes that Plaintiff, as a civil detainee at the FCCC, is not a "prisoner" for purpose of the Prison Litigation Reform Act ("PLRA") and is not subject to the requirements of 28 U.S.C. § 1915(2). <u>Troville v. Venz</u>, 303 F.3d 1256 (11th Cir. 2002).  As such, Local Rule 1.03(e), which permits **prisoners** 30 days to pay the filing fee or submit an application to proceed *in forma pauperis* is **not** applicable here.

2. The Clerk of Court shall: terminate any pending motions; (2) enter judgment accordingly; and (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __16th__ day of April, 2009.

JOHN E. STEELE
United States District Judge